# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

Dr. David C. Christianson,

   Plaintiff,      Case No. 2:22-cv-2991

  v.          Judge Michael H. Watson

Harper Holdings, LLC,     Magistrate Judge Jolson

    Defendant.

## OPINION AND ORDER

Dr. David C. Christianson ("Christianson") moves to "reopen" this case and for a status conference.  ECF No. 19.  Harper Holdings, LLC ("Harper") opposes.  ECF No. 20.  For the following reasons, Christianson's motion is **DENIED**.

### I. FACTS

In its prior Opinion and Order (the "O&O"), the Court explained the facts of this case as follows:

> Christianson is a medical doctor who previously owned several medical spas.  Award 1, ECF No. 1-7.  In January 2018, the parties entered into two contracts.  The first contract was a purchase agreement under which Christianson sold his businesses to Harper (the "Purchase Agreement").  ECF No. 1-2.  Harper was to pay Christianson $300,000 up front and installments of $130,000 over five years (the "Installment Payment").  Soon, the parties' relationship soured.  Award 1–2, ECF No. 1-7.  Harper refused to make the first Installment Payment and informed Christianson of alleged breaches of the Purchase Agreement.  Mot. 3, ECF No. 10; Resp. 2–3, ECF No. 12.

> Christianson initiated arbitration proceedings, and Harper brought its own counterclaim.  *See generally*, Award, ECF No. 1-7.  The

arbitration panel (the "Panel") awarded, *inter alia*, a damages award to Christianson for $323,161.17. *Id*. That figure includes unpaid Installment Payments, interest, and other considerations. *Id*. Subsequently, Harper moved the Panel to modify the Award, asking for a recalculation of the damages. ECF No. 12-3. The Panel denied that motion in June 2022. ECF No. 1-8.

O&O 2–3, ECF No. 17.

In parallel actions before this Court, Christianson sought to confirm the Award and Harper sought to vacate the Award, or in the alternative modify the same. *See* ECF No. 1, Case No. 22-cv-3031; ECF No. 1, Case No. 22-cv-2991. Upon review of both cases, the Court issued the O&O, which recommitted the Award to the Panel as to only the mathematical calculations of the Award and confirmed the Award in all other respects. O&O 15–16, ECF No. 17. Christianson now moves to "reopen" this case, Case No. 22-cv-2991. ECF No. 19

## II.    STANDARD OF REVIEW

The Court construes Christianson's motion as a motion under either Federal Rule of Civil Procedure 59(e) or 60(b).

Rule 59(e) of the Federal Rules of Civil Procedure "enables a district court to 'rectify its own mistakes in the period immediately following' its decision." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (quoting *White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982)). To grant a motion filed under Rule 59(e), there must be "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need

to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*,

616 F.3d 612, 615 (6th Cir. 2010) (internal quotation marks and citation omitted).

Federal Rule of Civil Procedure 60(b) allows a party to move for relief from

relief from a final judgment, order, or proceeding.  Rule 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud  (whether  previously  called  intrinsic  or  extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

### III.    ANALYSIS

In his motion, Christianson asserts that this matter cannot be returned to

the Panel because (1) the American Arbitration Association ("AAA") has closed

its file on the matter; and (2) Harper has not paid certain costs imposed by the

Panel and, therefore, the Panel will not consider the Court's recommittal.  Mot.,

ECF No. 19.  In support of his motion, Christianson attaches email

correspondence from June 2022 and a June 2022 invoice. Mot. Ex. A, ECF No.

19-1.  Christianson also attaches a January 2023 email to his reply in which the

AAA reports that it will hold any further arbitration proceedings in abeyance pending resolution of the motion to "reopen" and an appeal, if filed. ECF No. 24-1.

Read generously, Christianson argues that that relief under Rules 59(e) and 60(b) is appropriate based on either newly discovered evidence or under the catch-all category of each rule. The Court addresses each, in turn.

## A.    New Evidence

Both Rule 59(e) and 60(b) allow a Court to reconsider a judgment based on newly discovered evidence. *See Leisure Caviar*, 616 F.3d at 615 ("Under Rule 59, a court may alter the judgment based on . . . newly discovered evidence . . . ."); Fed. R. Civ. P. 60(b)(2) ("The court may relieve a party from a final judgment, order, or proceeding for newly discovered evidence." (cleaned up)).

Under either Rule 59(e) or 60(b), "newly discovered evidence" is evidence that was not previously available or discoverable. *CGH Transport, Inc. v. Quebecor World, Inc.*, 261 Fed. App'x 817, 823 (6th Cir. 2008) (instructing on what "new" evidence means under both Rules). Evidence is considered unavailable only if it could not, in the exercise of reasonable diligence, have been submitted earlier. *Cameron v. Hess Corp.*, No. 2:12-cv-00168, 2013 WL 6157999, at *3 (S.D. Ohio Nov. 25, 2013) (explaining that a court will not grant a Rule 59(e) motion "based on evidence which in the exercise of reasonable diligence could have been submitted earlier" (internal quotation marks and

citations omitted)); *James v. City of Detroit, Michigan*, No. 20-1805, 2021 WL 5463778, at *7 (6th Cir. Nov. 23, 2021) ("To prevail on a Rule 60(b)(2) motion [the plaintiff] must show she exercised due diligence in obtaining the information . . . ." (internal quotation marks and citation omitted)).

Christianson has not demonstrated the existence of any new evidence. The June 2022 email and June 2022 invoice pre-date the filing of the Complaint by over a month. *Compare* Compl., ECF No. 1 *with* Mot. Ex. A, ECF No. 19-1. Thus, neither is "new evidence" for purposes of Rule 59(e) or 60(b). As to the January 2023 email, that email does *not* indicate that the Panel is wholesale refusing to accept the recommittal, as Christianson implies. To the contrary, it merely indicates that the Panel will wait until the completion of the federal action—including resolution of the motion to "reopen" and any possible appeals—before taking action. Even if the Court considered the January 2023 email to be "new evidence," the Panel's efficient plan does not create a basis for relief. Moreover, none of this "new evidence" casts any doubt on the correctness of the O&O. Accordingly, Plaintiff is not entitled to relief based on new evidence.

## B.  Catch-All Provisions

Rule 59(e) relief may be granted to "prevent manifest injustice." *Inters Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). A Rule 59(e) motion, however, is not a vehicle to present arguments which "should have been raised in connection with an earlier motion." *Arocho v. Ohio Univ.*, No. 2:19-CV-4766, 2020 WL 6949098, at *1 (S.D. Ohio Oct. 28, 2020) (citations omitted).

To whatever extent Christianson moves for Rule 59(e) relief based on manifest injustice, that argument fails.  As discussed above, all the information underlying Christianson's current arguments was available when he drafted his prior briefing.  He cannot use a motion to "reopen" as an opportunity to litigate arguments that should have been raised earlier.  There is no "manifest injustice" in declining to give Christianson a second bite at the apple.  *Cf. McGrew v. Zaring Homes, Inc.*, 78 F.3d 584 (Table) (6th Cir. 1996) ("The district court was not required to give [the plaintiff] a second 'bite at the apple' and grant the motion for reconsideration.").  Additionally, the Panel's decision to wait for final resolution of the federal action does not create a manifest injustice.

Turning to Rule 60(b)(6), Rule 60(b)(6) is a catchall provision that allows relief for any other reason that justifies relief and is properly invoked "only in exceptional or extraordinary circumstances."  *Davidson v. Robinson*, No. 21-3638, 2022 WL 2791281, at *2 (6th Cir. Mar. 31, 2022) (internal quotation marks and citations omitted).  Courts should thus employ Rule 60(b)(6) only in "unusual and extreme situations where principles of equity *mandate* relief."  *Earnest v. Ellison*, No. 20-3381, 2020 WL 5904754, at *2 (6th Cir. Sept. 17, 2020) (internal quotation marks and citations omitted) (emphasis in original).

Rule 60(b)(6) relief is inappropriate here.  As explained above, Christianson could have raised all his current arguments in his prior briefing.  Neither Christianson's decision not to do so nor the Panel's decision to wait for full resolution of the federal action create the sort of "unusual and extreme

situations" that warrant Rule 60(b)(6) relief. *Cf. Penney v. United States*, No. 1:04-CR-36, 2015 WL 13664075, at *3 (E.D. Tenn. Nov. 24, 2015) ("Petitioner has not identified a single exceptional, extraordinary, unusual, or extreme circumstance or development that would warrant the relief he requests. Instead, he merely raises the same arguments this Court has previously considered and rejected.").

## IV. CONCLUSION

For these reasons, Christianson's motion is **DENIED**. Because the Court declines to "reopen" this case, it also denies Christianson's request for a status conference. The Clerk shall terminate ECF No. 19.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**