UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Dr. David C. Christianson,

    Plaintiff,

v.

Harper Holdings, LLC,

    Defendant.

Case No. 2:22-cv-2991

Judge Michael H. Watson

Magistrate Judge Jolson

---

Harper Holdings, LLC,

    Plaintiff,

v.

Dr. David C. Christianson,

    Defendant.

Case No. 2:22-cv-3031

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Dr. David C. Christianson ("Christianson") moves to confirm an arbitration award. Mot., ECF No. 27, Case No. 2:22-cv-2991; Mot., ECF No. 19, Case No. 2:22-cv-3031.[1] For the following reasons, the motion is **GRANTED**.

### I. BACKGROUND

This case arises out of a soured business relationship between Christianson, a medical doctor, and Harper Holdings, LLC ("Harper"), the owner and operator of, among other things, medical spas. *See generally*, Compl., ECF

---

[1] For readability, the Court will use the ECF numbers from Case No. 2:22-cv-2991 throughout this Order.

No. 1. The parties brought their dispute to an arbitration panel (the "Panel") which awarded injunctive relief to Harper and damages to Christianson (the "2022 Award"). ECF No. 1-7. Later, the parties sued here over disagreements about the 2022 Award. Compl., ECF No. 1. The Court confirmed the 2022 Award in almost all respects but concluded that some of the Panel's mathematical calculations were ambiguous. Opinion & Order, ECF No. 17. The Court recommitted only those calculations to the Panel to either re-calculate or clarify why the original calculations were correct. *Id.* When the Panel revisited the calculations in 2023, it issued an Award that provided further explanation of the calculations and made a minor re-calculation (the "2023 Award"). ECF Nos. 27-1 & 27-2. In total, the 2023 Award awards Christianson damages of $320,838.60. ECF No. 27-1; ECF No. 27-2.

Christianson now moves to "reduce [the 2023 Award] to judgment." ECF No. 27. The Court construes this as a motion to confirm the award under 9 U.S.C. § 9.

## II. DISCUSSION

"The Federal Arbitration Act ('FAA') expresses a presumption that arbitration awards will be confirmed." *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 429 F.3d 640, 643 (6th Cir. 2005). The standard of review for vacating an arbitrator's award is "very narrow; one of the narrowest standards of judicial review in all of American jurisprudence." *Id.* (quotation marks and citation omitted) "As long as the arbitrator is even arguably construing or applying the

contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *Id.* (cleaned up).

Because of the presumption that arbitration awards should be confirmed, the Court should confirm the 2023 Award unless Harper can successfully argue against confirmation. Harper argues the 2023 Award should not be confirmed for a few reasons: (1) it is not a "final" award; and (2) it is still ambiguous, fails to comply with the recommittal order, and is mathematically incorrect. Resp., ECF No. 28.

## A. "Final" Award

Harper argues the 2023 Award is not a "final" award because it is signed by the chair of the Panel "on behalf of the Panel," rather than by the entire panel. Harper argues that American Arbitration Association ("AAA") Rule 39(c) requires the entire panel sign the 2023 Award and that, because the 2023 Award was not so signed, it is not a final award. Because, according to Harper, the 2023 Award is not a final award, the Court cannot confirm it.

The Court disagrees. As the Seventh Circuit has explained, even assuming it is incorrect for the chair of an arbitration panel to sign "on behalf of" the panel, such a mistake does not "have the drastic consequence of rendering the [award] a nullity." *Olson v. Wexford Clearing Servs. Corp.*, 397 F.3d 488, 491–92 (7th Cir. 2005) (interpreting a Nation Association of Securities Dealers arbitration rule with similar language as AAA Rule 39(c)). The Court adopts

*Olson* by reference and thus concludes that the 2023 Award is a "final award" capable of confirmation.

**B.     Alleged Issues with the Award**

In the alternative, Harper argues that the 2023 Award is mathematically flawed such that the Court must (again) recommit the matter to the Panel or correct the 2023 Award itself. Harper argues that the Panel did not properly consider and calculate disgorgement and bank loan interest. Harper also argues that, because the disgorgement and bank loan interest calculations are incorrect, the overall interest calculation is incorrect. At bottom, Harper argues that the Panel did not fix the problems the Court previously identified and, therefore, the 2023 Award should not be confirmed.

The Court again disagrees. In its prior Opinion and Order, the Court concluded that certain damage calculations were ambiguous and recommitted the same to the Panel to either re-calculate or provide further explanation. ECF No. 17. In the 2023 Award, the Panel explained how it calculated the Award, including in-line explanations for specific calculations. ECF Nos. 27-1 & 27-2. Thus, the Court can now understand the Panel's calculations, and those calculations are no longer ambiguous. Even if the Court may have reached a different calculation on its own, that is not a basis for vacating—or, here, not confirming—the 2023 Award. *Cf. Nationwide Mut. Ins. Co.*, 429 F.3d at 643 (explaining that even if "a court is convinced [the arbitrator] committed serious error," that is not enough to vacate an arbitration award (quotation marks and

citation omitted)). Accordingly, Harper's arguments that the 2023 Award should not be confirmed fall flat.

That said, the Court observes that the 2023 Award contains a small mathematical error. The 2023 Award inadvertently double counts the $17,580.32 in interest. ECF No. 27-2. The Court can modify an arbitration award where there is an "evident material miscalculation of figures." 9 U.S.C. § 11(a). Accordingly, the Court modifies the 2023 Award so that the total damages award is $303,258.28.

### III.  CONCLUSION

For these reasons, the Court **MODIFIES** the 2023 Award so that the total damages award is $303,258.28; the 2023 Award is **CONFIRMED** in all other respects. Christianson is **AWARDED** $303,258.28, plus post-judgment interest, as consistent with the 2023 Award.

The Clerk shall terminate ECF No. 27 in Case No. 2:22-cv-2991 and ECF No. 19 in Case No. 2:22-cv-3031. The Clerk shall not enter judgment until directed to do so by the Court.[2]

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] Although an order confirming an arbitration award would often be followed by a judgment, here the Court must still resolve the allegations of contempt.